71997, Kayla Doherty v. Merck & Co., et al. Good morning. Good morning. Laura White here for Plaintiff Kayla Doherty. May it please the Court, I'd like to reserve three minutes. You may. Thank you. I'd like to focus the Court's attention first today on damages in this case and take us back to what was originally claimed by Kayla Doherty when she served a notice of claim under the Federal Tort Claims Act on the U.S. government. In that notice of claim, she asked for $250,000. That is a far cry from the cost of raising a child from birth all the way through the age of 18 and maybe even college. We did that intentionally because we recognize that there are these limitations in the law, not only in this jurisdiction but many others as well. The cause of action we are here to talk about today is not the birth of a healthy child. And based on what I just told you in terms of the damages sought, this case has really never been about the birth of a healthy child or the fact of having a healthy child and raising one. What this case is about is the emotional pain and suffering that occurs when an unintended pregnancy happens, the worry that we all have becoming new parents, especially when you're not ready to do so or support a child. This case is also about breach of contract. She bargained for a medical device that she never received. She paid for a procedure that never happened. And that is a common law cause of action just like ordinary medical negligence. Did you argue in this? I don't recall seeing an argument in the district court that this was not a claim for the birth and rearing of a healthy child. Well, I'd say that we've argued both. Of course, we have argued strenuously, and we believe strongly, that the public policy that underlies the wrongful birth statute is unnecessary. We think it demonstrates gender bias and has a disparate impact on women. But this court, and nor did the district court, need to agree with us on all of those grounds in order to find that the statute as it had been applied was unconstitutional. And if the court had said, you know, you don't get the damages for raising a healthy child, many jurisdictions agree with that. We would not have challenged that if she had been allowed any recovery whatsoever, which she was not. Did you raise the breach of contract claim in the district court? We did, Your Honor. And there's case law that we submitted a rather extensive table of every jurisdiction that we could find how they deal with this issue. And even cases where a plaintiff has been found, she could not recover for the birth of a healthy child, those courts still suggested that, of course, a breach of contract is in the contemplation of the parties when you go to get a medical device. I may be misremembering. Did McComber address a breach of contract claim? So, McComber did not. But what it did do is set out, actually, an extensive list of what kind of damages were allowed. But wasn't that a tort action? It was a tort action. And does the WBS address contract claims? It, as you know, it really doesn't. Was there a holding by anybody that it does? Arguably, the law court's holding that Ms. Dougherty is not entitled to any relief whatsoever. When that question was certified, was the contract claim presented to the law court? The question presented was really, may Ms. Dougherty recover at all on her case? And certainly, strict liability, breach of warranty, breach of contract as to both the physician, which is really a medical malpractice claim, but as to Merck as well. Because this really is a product from Merck that was not received. And damages for that have been foreclosed. So you seem to be saying this isn't based on a claim that the birth and rearing of a healthy child resulted in damages to your client. You seem to be saying that tortious act by the product manufacturer and the doctor gave rise to a claim that the pregnancy is causing injury or caused injury. Certainly, Your Honor. I'm not sure I saw that in your brief. If that were the argument, why would the last clause of Section 2 of the statute be required, which as I understand it says that even if someone's bringing a claim for birth and rearing of a healthy child, they still can get lost earnings by the mother during pregnancy, pain and suffering associated with the pregnancy, if it's a sterilization procedure. Because you seem to be saying sterilization procedure or not, you can always recover the pain and suffering associated with pregnancy and lost earnings by the mother during pregnancy. I think that's what you're saying. Yes, Your Honor. Or at least we're saying that it should be that way. And that there's not even a rational basis for saying because you... Well, that's the constitutional thing. We're just asking, I think Judge Kessler's asking you under the statute and main law, put aside whether you're right about whether the Constitution requires this outcome. Well, the law court, the way the law court has interpreted this, they have said flat out categorically you have no claim that you can pursue. And we argued that there was no good reason, not even a common sense reason why that should be the case. And we did argue before the law court things like breach of contract. The law court seemed very much hung up on, and to some extent we think the district court got into this argument as well, that this is a whole new cause of action called the birth of a healthy child. And Maycomber was crystal clear in black and white that this was not a new cause of action in 1986. It was simply medical negligence and the elements were of that tort. It's not a separate cause of action with elements for the birth of a healthy child. That's simply the damages, and it's just one kind. It still puzzles me here because this is, having read the briefs and the record below, this is an argument that never occurred to me, your argument that this isn't a claim for a healthy child, it's a claim for wrongful pregnancy. If that had been presented below, then I have difficulty understanding why the question would have been certified to the SJC the way it was. Putting that to one side, the SJC answered the third question by saying that Dorothy may not recover any damages on her claims against either defendant. So it seems to me you're a tribunal or two too late in presenting your argument for construing this statute in a way that it wouldn't apply to wrongful pregnancy claims. Well, I think we're not, your honor, because essentially the law court surprised us all by not construing the constitutionality of the statute. They really just looked at... Well, put the constitutionality to one side. They did construe the statute to say your client may not recover any damages on your claims in this case against either defendant as a matter of state law. Aren't we now bound by that and therefore we can't pay any attention to this argument that the statute doesn't preclude recovery because it's a claim for wrongful pregnancy? I think that this court is not bound by that because a reviewing court always has a duty to review a statute and construe it. Well, let's say if we did review it, our method of review would be to ask what would the SJC do? And the SJC has told us what they would do. Well, actually you wouldn't be looking at what they would do because they very explicitly decided not to look at constitutionality and by doing so... No, no, no. You're moving to constitutionality. I'm just talking about your opening argument here which caught my attention was that this is a case for wrongful pregnancy so the statute doesn't bar it. It's not a case for wrongful birth. I'm simply saying, though, we're stuck, aren't we, with an SJC opinion that says the statute says you can't recover. I would argue that essentially you can't parse the two out. You can't talk about whether a statute is constitutional without talking about how to construe it and there was a way to construe this statute. But they decided not to do it that way. Correct. So as a matter of Maine law, you can't win under Maine law. That's why you have to bring a federal constitutional claim or a Maine state constitutional claim. I think the fact that the court obviously had those arguments before it in terms of whether there were other forms of damages and the law court did talk about that and the opinion does say, well, sometimes some sorts of damages might be recoverable. Say you have a particularly difficult pregnancy or some health problem arises. They did leave that open. It wasn't entirely clear what that means but as to Kayla Doherty on her complaint, regardless of whether it was breach of contract, anything, it was categorically denied. I also want to turn the court's attention to strict scrutiny in this case, which we think does need to be applied and no reviewing court has done so yet. The strict scrutiny is extremely important because a statute like this, there has to be a problem that is identified, a compelling government interest. And here, there is no compelling interest that wasn't already solved by the Maine Health Security Act. So if the government interest is tort reform and controlling medical malpractice premiums, that's legitimate but it's already been done. And so beyond that, limiting tort recovery just because of the nature of the procedure that's involved, there's literally nothing compelling about needing to do that. In fact, a tubal ligation is more expensive and that kind of litigation would probably be a higher jury award. So we think that strict scrutiny for the first time absolutely does need to be imposed by this claim. Just so I understand, that claim is, potentially the constitutional claim differs depending on what damages you're seeking. Correct. So you're saying to us, insofar as all you were seeking was damages for breach of contract with respect to the promised effect of the procedure, and or the emotional suffering from the fact of the pregnancy, the constitutional claim, you then say there's no policy that's been even articulated to support it. Correct. And moreover, the defendants have the burden here today to prove under Irish v. Gimbel and other cases out of the law court, they have the burden to affirmatively show you today that a jury trial right for pain and suffering, negligence, that that didn't exist in 1820. Is there any state that you're aware of that precludes contract damages? None, Your Honor, and I think that's exactly the point. We've searched long and hard and can't find anything where someone in this situation is absolutely precluded in every way and every form of damage.  Mr. Boranian, good morning. Good morning, Your Honor. May it please the Court, Stephen Boranian for Defendant and Appellee Merck & Co, Inc. Your Honors, following a lengthy and very careful proceeding in the district court, the district court in this case came to the correct result for all the correct reasons. And there are really two overriding principles that I think underscore the correctness of the district court's order. The first is that the district court recognized that states can, within the Constitution, enact legislation that affects common law causes of action, including to limit those causes of action or to abrogate them altogether. The second overriding point that comes from the order that underscores why it's correct is that the district court determined that when the Maine legislature enacted Maine's wrongful birth statute more than 30 years ago, it enacted a law that comes out on the correct side of every constitutional standard that could apply. And that's true whether it comes from the right to a jury trial, the right to court access, equal protection, or substantive due process. See, the approach the district court took was to determine first what the Maine statute does and what it means, and then the district court confronted and resolved every constitutional challenge that was brought. Suppose Merck had said with its product, guaranteed, money-back guarantee, if you're not satisfied, just send this back and we'll send you the prescription cost back. If Merck had made that promise, Merck would have complied with that promise. Could she have required Merck to comply with that promise by suing for damages if Merck did not? The answer is no, and here's the reason, Your Honor. The Maine statute precludes damages for the birth of a healthy child, and that's whether it's a claim for product liability, a claim for medical negligence, a claim for express or implied warranty, Your Honor, which is also a product liability claim, and without regard to who the defendant is, either a drug manufacturer or a doctor. Presumably if the state did something unthinkable and precluded damages for actions to recover for harming the mother in the pregnancy or harming the child in the pregnancy, there would be a potential constitutional problem with that, right? There would potentially be, and here's the legal framework in which that would be established. The state absolutely could enact an immunity law, as Your Honor describes. For all ABGYNs? Exactly. The state could do that, provided on a rational basis for doing so, provided that it did not intentionally discriminate on the basis of gender, and provided it did not interfere with fundamental rights. It absolutely could do that with those limitations. Right, so that one you might think would interfere with the fundamental right, because it might interfere with the ability of people to procreate if they thought they could never call on a medical doctor without any hope of protection from the state if the doctor did egregiously wrong things to harm them. The answer to that depends on what level of coercion is required to reach, to determine that a statute actually interferes with a fundamental right. If a state directly regulates contraception... Are you suggesting that in that instance there would be no constitutional problem? Yes, I am. And here's the reason why. You can have direct regulation of contraception. You can have indirect coercion. For example, a criminal statute. A statute that says a doctor will be held criminally liable if he or she prescribes. But if all you're doing is regulating the economic relationships between the parties, between the private parties, after the fact, then you are still not affecting fundamental rights, and you are still on the basis of rational basis review. That's the difference, Your Honor. And that's the analysis that this district court applied below. It determined that the main wrongful birth statute does not interfere with any contraceptive choice. It regulated the economic relationships... So you're saying it's only rational basis review? Rational basis review clearly applies here, Your Honor. Would it be constitutional to suppose the state said no damages of any type if the physician had wrongfully impregnated the client, the patient? Would that be constitutional? Only so long as it was rationally related to a governmental interest. Well, would that be rationally related, or would that not discriminate against women? I'm struggling with the hypothetical. If the doctor wrongfully impregnated... Right, someone goes in to get one of those products and put it in the doctor, sedates and impregnates, rapes the woman. That would produce several problems. It would be out of luck, potentially, if you're having us interpret the statute. So the question is, therefore, can the state do that constitutionally? As a matter of tort law, the state could do that. There have been suggestions in the literature that there might be a new tort cause of action. So wouldn't that raise equal protection issues? If the law were gender neutral on its face, if it applied no matter whether the doctor was a man or a woman, and if it applied to whoever was trying to recover damages after the fact, then it would not raise an equal protection problem. You don't think it would potentially burden any fundamental right? If it had a disparate impact on women, that also would not raise a heightened standard of scrutiny. Just the right bodily integrity or anything like that? You say any old rational basis is good enough in that kind of situation? When you are regulating tort damages after the fact... Do you have a case law that says that? Well, if you look at the cases that interpret the governmental regulation of contraception and abortion, cases like Roe v. Wade and Griswold v. Connecticut, those are examples of direct governmental coercion or criminalization of contraceptive choice. There you are talking about... And then we have cases that say when you take away a common law cause of action that doesn't have anything to do with the fundamental right, that you apply rational basis. Now you are taking away the right to recover, which has historically been there forever and ever, all the way including a contract claim. And you are saying that absolute immunity given by the state in that situation doesn't raise anything more than rational basis review. And I'm just asking, is there any authority for that? If you look at the cases that have interpreted wrongful birth statutes in other states, Wood, for example, in Utah, Danby, for example, in Illinois... Do they preclude all damages of all types? In those cases, each of those plaintiffs walked away... That's not what I asked. Do they preclude damages for all types of recovery? As far as we can tell, Arkansas and Maine are the states where someone cannot recover any damages for the birth of a healthy child. Different states have made different policy choices. Some have accepted sterilization and contraception. Some have limited damages in a similar way that Maine has when it comes to failed sterilization procedures. But each of those times that those statutes are pumped for review, they've been judged on a rational basis. The district court correctly did so here. I urge the court to refine the judgment. Thank you. Thank you. Ms. Herman, good morning. Good morning, Your Honor.  The Attorney General of Maine urges this court to uphold Maine's wrongful birth statute as constitutional and affirm the decision of the lower court. As the court is well aware, this statute was enacted in 1986, shortly after the Maine Law Court's decision in Macomb v. Dillon. And in that case, the court held that the birth of a healthy child is not a legally cognizable injury in Maine. The legislature's drawing of the line where it did, by codifying the decision of the lower court, does not violate Ms. Daugherty's rights of court access, her right to jury trial, or her rights of due process or equal protection under either the United States or Maine Constitution. Ms. Herman, as I look at the statute, I wonder, suppose what she did after finding out she was, to her surprise, pregnant, and then finding out what the statute did, she therefore had an abortion. Would the statute allow her to recover the costs of the abortion? It seemed that it would. And what I'm wondering is if that starts to get at what Judge Barron is talking about, that the statute starts to have some feel that it's treading into areas here that might start talking about some rights or some rights interests, and that seem to impact women much more substantially than they impact men. I understand the questions. On the first part of the question regarding the abortion, I don't think that the statute really speaks to that question. Which would therefore lead, the default set would be that she could recover for there was negligence, product defect, by damages was the cost of an abortion? That is a question that was not certified to the court. I would like to address a couple of other questions that were before my time runs out relating to the hypothetical that was posed earlier, and I would like to point the court to Section 4 of the Wrongful Birth Statute, which says that the statute does not preclude other causes of action based on claims that but for the wrongful act, maternal death or injury would not have occurred, or handicap, disease, defect, or deficiency of an individual prior to birth would have been prevented, etc. So in the scenario where the physician essentially assaults the patient and the patient is injured, Section 4 specifically would not preclude that cause of action. The last point I want to raise is the level of scrutiny. We believe that the court broke our right that it is rational basis scrutiny. The law court so held in the Musk v. Nelson case, and the line of cases relating to, for instance, state funding of abortions, Harris v. McCrae, and cases like that, which upheld... But you're treating the historic right to recover for a wrong as a subsidy, like funding. That seems like a puzzling equivalence. The point, Your Honor, is that the state is not required to remove obstacles that are not of its own creation, and in the Harris v. McCrae case... It depends on what your baseline is for it. And the fact that the state is not required to provide funds to permit you to do something is different than saying the state is entitled to deny you protections that might have existed at common law when the Constitution was enacted. Well, I think two responses to that. The Supreme Court and the Sixth Circuit case that we cited in the Garcia case both hold that the state legislature had the authority to abolish actions that existed at common law. Of course they do. The question is when they start to burden a right, such as the right not to procreate, does that change the equation? This does not burden the right to procreate or the right to use contraception of one's choice. If that goes to the exception that you listed, if that exception was not there, would rational basis apply to the examples in those exceptions? I'm not sure I understood the question. Well, there's an exception that you listed for circumstances in which the mother was injured. Suppose there was no such exception and the same thing had happened. They just withdrew all liability. You would say that's like Harris versus McRae, so it's just rational basis review. No, I think what you're talking about in the SALT, a criminal act against a patient, that there are other fundamental rights, such as the right to bodily integrity, that would require a different level of scrutiny. Why? The government isn't doing anything other than, as in Harris, withdrawing a subsidy. Well, again, I think it goes to, as indicated earlier by counsel for Merck, the level of coercion or the level of obstacles that the government regulation is placing. Is it the same in all those cases? It's withdrawal of liability. No, because in this case, Sean, I think it's clear from the legislative history that the whole purpose of this statute, when the legislature was considering it, was to rein in the high cost of malpractice insurance, the high cost of health care. And the other thing that you can find in the legislative history is that they were concerned about the availability of health care services in parts of rural Maine and that the high cost of malpractice insurance for physicians was driving some of them out. And so there was, in fact, a rational basis and a legitimate state interest in the legislature drawing the line where it did and saying, in those cases where the woman is not seeking to permanently change her ability to have a child, in those cases where she's not seeking sterilization, a cause of action would not be recognized.  Thank you, Your Honor. Mr. Rizzotti, good morning. Good morning. Thank you. May it please the Court. Andrew Rizzotti for the Federal Tort Claims Act, defendant of the United States of America. If I could start out, I'd like to address the question that you alighted on, Judge Cayatta. Are we a tribunal or two too late? We are not. There is one proper forum for the questions, and they are significant questions that are raised on this appeal, and that is to return to the Maine legislature. Our primary argument on behalf of the United States here is this is, and always has been, a public policy debate. Clearly, the appellant feels very strongly and may have meritorious points concerning the policy underlying the statute. And, in fact, the concurring justices of the Maine law court found that she should return, or the legislature should return to deliberations on this. What is the U.S.'s position on whether the state can pass a statute like this that favors recovery of costs for abortion, but not for the delivery of the child? Your Honor, as we did in our briefs, we incorporated by reference and deferred to the state, which has intervened pursuant to Title 28-2303. Under the rule of this court, 28, we have not made further constitutional arguments. However, I do believe that this statute, as drafted, would allow damages for abortion. I believe Ms. Herman's point is well taken under subsection 4 of 29-2303. That's the point. It does allow for abortion, but it doesn't allow for the birth. Is that constitutional? Applying rational basis review, as we believe the only level of scrutiny would require this court to do, we concur with the state attorney general's office. There is a rational basis. Legitimate reasons for the distinction between failed sterilization and everything else truly do abound in this case. The court in its briefing has seen myriad reasons against, on the basis of public policy, the distinction. However, there are many reasons upon which the United States takes no position that do support this statute. As the court may be aware, we are attempting to walk a fine line here. Our position before the court is somewhat nuanced. The United States is pursuant to Title 28-1346-B1 for purposes of this appeal, a private party. So we stand in the shoes of the former employee of the federally funded health center. And for that reason, we do refer to the state attorney general. Could you help me with a question which is not briefed by the parties, but McComber makes reference to it at the end of his decision. It refers to an 11th Circuit case addressing the state action issue, Campbell v. Georgia. And I'm just trying to figure out how the Federal Tort Claim Act operates in a situation where, if Maine is right, there has never been any common law cause of action of this type ever recognized. Yes, Your Honor. What's the federal government's view in a situation like that as to how a suit like this is supposed to proceed? Because, obviously, the federal government is not responsible for the state of Maine depriving people of a right of recovery that the Constitution might require. So is it your view that, nonetheless, if the claim is that there is such a right to recover, say under the federal Constitution, that that fact can ground the cause of action for the Federal Tort Claim Act so that the defendant can be sued? Dr. Defendant, do you follow me? What's strange here is that there's no way you did anything that was unconstitutional. As the United States of America, we would certainly agree with that proposition. No one's even arguing that you did. Yes, Your Honor. So what's odd is how these suits operate under the Federal Tort Claim Act. It's one thing, I suppose, if you were raising as a defense a state statute that got in the way of the cause of action the state of Maine recognized. Yes. Then it makes sense to me, OK, we've got to decide is your defense constitutional or not. But as I understand it, Maine's saying there's simply no main cause of action at all. So what is grounding the Federal Tort Claim Act then? What claim can they be bringing under the Federal Tort Claim Act if Maine's right about that? Thank you, Your Honor. Nothing. You didn't make that argument, though, right? We actually did, Your Honor. Below, we moved pursuant to 12B6 for lack of... Did you abandon the appeal? We did not brief it on appeal, Your Honor. The district court below found the distinction to be meaningless and granted the motion to dismiss on a 12B6 grounds rather than subject matter jurisdiction. Thank you. Thank you. I'd like to address this distinction between cases where there is a rational basis review applied. We concede that Muskegee-Nelson, Maine Medical Center v. Cody, Tarosi v. Soe, and many others do, in fact, apply rational basis review because there is still a remedy intact. A statute of limitations or damages cap does not deprive anyone of the right to a jury trial. Iris B. Gimbel was clear on that. And, in fact, this Court has said even with regard to recreational use statutes, which do tend to redefine some of the duties that existed at common law, but they don't remove the right to sue entirely. There are plenty of other statutes, workers' compensation, liquor liability, that leave the remedy in place and, therefore, rational basis review is appropriate. Here we have a very different situation. And even the district court conceded that if a statute disrupts the common law entirely, the legislature absolutely is bound by the Constitution and has to... the statute has to be examined under strict scrutiny. The common law seems to have preceded the legislature in this instance. Well, it very much did. It's just a cause of action. It did. And Mick Homer said this is a cause of action for negligence, which has always existed and it should still go forward. We're just not allowing this type of damages. But that was a common law decision. Yes. And Mick Homer doesn't refer to just damages. They refer to the claim. They say you cannot bring the claim, not just that you can't get damages for it. Well, Your Honor, I believe that damages were allowed to that plaintiff in that case. It just wasn't damages for the birth of a healthy child. So she was still able to recover for... The things that you're now saying are precluded, but that you're also seeking recovery for. Exactly. And the things that take this case from being something that maybe rational basis review would be appropriate and put it in a whole other category. Just to understand, Your Honor, for purpose of this appeal, are you asking us only to find for you with respect to those damages that Mick Homer allowed? I would like it if the court were to find that the whole statutory scheme is unconstitutional for all of the reasons we've argued. But I'm guessing since in many jurisdictions these statutes have been upheld, yes, we think that it is entirely unconstitutional to have no damages available whatsoever. In a perfect world, we would get all the damages. As in Massachusetts, you are allowed to recover or ask a jury to award whatever they think is appropriate. That would be our wish. But we understand that it may be reasonable to limit the damages, and we don't contest that. I did want to point out as well that I believe Arkansas does not hold the same as Maine. I have a site. It's in a table in our brief, 628 Southwest 2nd 568 Wilbur v. Kerr, which does a lot of the kind of damages I'm talking about and disallows damages for the rearing of a healthy child. Thank you.